Vermont Superior Court
Filed 01/02/26
Chittenden Unit

**VERMONT SUPERIOR COURT**
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 21-CV-00323

---

**Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al**

---

## ENTRY REGARDING MOTION

Title: Motion to Compel Production of Confidential Settlement Agreement (Motion: 25)
Filer: Kaveh S. Shahi
Filed Date: November 07, 2025

The motion is GRANTED IN PART.

This motion addresses the limited question of whether one co-defendant is entitled to receive a copy of a settlement agreement reached between the Plaintiffs and the other co-defendant in this case.

Notwithstanding the limited nature of this question, there are several issues contained within the query. In reviewing the motion, there is general agreement about the governing principles and standard of review.

First, UVMMC, the settling defendant, does not dispute that the confidential settlement agreement is discoverable under V.R.C.P. 26, subject to the Rule's standards of relevance. UVMMC further agrees that the settlement agreement and its existence is relevant in this case for impeachment and cross examination purposes as Dr. Bruce Tranmer, a doctor associated with UVMMC, will likely be testifying and offering an opinion.

Second, FCRC does not dispute that the settlement amount should remain confidential from the jury and should be subject to a protective order that would keep it confidential beyond the lawsuit.

Third, there is no disagreement between the parties that the settlement amount will become relevant if and when this matter goes to trial and the jury renders a verdict against which the settlement amount would reduce as an offset. *Heco v. Midstate Dodge LLC,* No. S0869-10 CNC, 2013 WL 2155550, at *6 (Vt. Super. May 15, 2013).

In this respect, the sole disputed question is whether FCRC has a right to know the settlement amount prior to going to trial. On this point, UVMMC cites to a number of decisions from other jurisdictions that have held that the settlement amounts are generally irrelevant prior to the verdict and offset allocations and made be redacted and withheld. See, e.g., *Noonan v. Sambandam*, 296 A.3d 670, 676 (R.I. 2023).

Against this weight of caselaw, FCRC makes two additional policy arguments. First, it cites to a well-reasoned trial court decision by Judge Toor that does not apply the redaction distinction. *Wwsaf Special Partners Group, LLC v. Costello*, No. 22-CV-01058, 2023 WL 11065724, at *1 (Vt.Super. Oct. 23, 2023). Second, FCRC argues on policy grounds that transparency will assist settlement resolution by allowing FCRC to understand how much money Plaintiffs have received and whether there is any amount of settlement beyond the substantial Veteran's Administration lien. The argument is that such information will facilitate settlement.

As beguiling as FCRC's arguments are, the Court can envision precisely the same argument being made against disclosure, which is that FCRC is more likely to settle if the risk of going to trial remains undefined. Additionally, while the Court is loathe to remove a settlement tool from a party, it would also be naïve to ignore the power that a confidential agreement has to assist defendants in reach preliminary and independent agreements that can often simplify and resolve significant portions of cases.[1]

As to Judge Toor's decision, it is unclear whether the parties had an issue with the amount or fact of settlement or if the issue was briefed along the lines that UVMMC has done so in the present case. Moreover, Judge Toor found that the unique facts of the case warranted full disclosure because Plaintiffs sought the settlement and had made claims that the settlement was improper and entered into without their knowledge by their lawyers. *Wwsaf Special Partners Group, LLC*, No. 22-CV-01058, 2023 WL 11065724, at *2. Such a factual posture is distinguishable from the present case where there is no attack on the legitimacy of the settlement or the authority of UVMMC to enter it but rather a practical concern about the amounts.

For these reasons, the Court finds the cases cited by UVMMC to be compelling and persuasive in this case.

---

[1] Nothing in this ruling or the fact of the settlement itself prevents FCRC from presenting any of its defenses, and while the parties have not fully briefed the issue of admissibility of the settlement, FCRC's motions indicate a compelling reason to allow evidence of UVMMC's settlement. *Quirion v. Forcier*, 161 Vt. 15, 20 (1993).

Finally, the Court finds that give the maturity of the present case, UVMMC's status as an interested party, but not co-defendant, and the possibility of this matter going to trial and reaching a verdict that it would be relevant to require UVMMC to file an unredacted version of the settlement agreement under seal with the Court to be disclosed if and when a plaintiff's verdict is reached in this matter.

## ORDER

Based on the foregoing, Defendant FCRC;s motion is **Granted in Part**. Defendant UVMMC shall produce the settlement agreement within 14 days of this Order, but it may redact the settlement amount. The agreement shall be stamped as, and treated as, confidential. Absent a further court order, it may not be disclosed to anyone other than parties and counsel in this lawsuit, their staff, the court, and any expert witnesses involved in this case. If it is filed with the court as an exhibit to a motion, it shall be filed under seal. At the same time, Defendant UVMMC shall file an unredacted copy of the settlement agreement under seal with the Court for use in the event that a verdict is rendered in favor of Plaintiff.

Electronically signed on 12/31/2025 8:10 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge